**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE A. STULTZ-SHIRLEY,** | : | |
| **Petitioner** | : | |
| | | **CIVIL ACTION NO. 3:16-1744** |
| **v.** | : | |
| | | **(Judge Mannion)** |
| **MARY SABOL, Warden,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner, Jose A. Stultz-Shirley, a detainee of the Immigration and Customs Enforcement (ICE), filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Specifically, Petitioner challenges his continued detention by ICE. Id. For relief, Petitioner seeks to be released on supervision. Id. For the reasons set forth below, the court will **GRANT IN PART** the petition and order that an Immigration Judge conduct an individualized bond hearing within thirty (30) days.

## I.   BACKGROUND

On July 2, 1982, Stultz-Shirley, a citizen and native of Panama, was admitted to the United States as a lawful permanent resident. (Doc. 11-2 at 6, Notice to Appear). From May 1987 through November 2005, Stultz-Shirley

developed a lengthy criminal record which included convictions or guilty pleas for numerous drug-related crimes and theft crimes. (Doc. 11-2 at 4, Record of Deportable/Inadmissible Alien).

On February 18, 2010, while serving a parole violation sentence in the Lebanon County Correctional Facility in Lebanon, Pennsylvania, Petitioner was encountered by an Immigration Enforcement Agent during a routine Criminal Alien Program operation. Id.

On October 2, 2015, a Notice to Appear was issued, charging Stultz-Shirley as removable from the United States pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended (INA), for violations of a law relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. §802). (Doc. 11-2 at 6, Notice to Appear). The notice specifically cited a May 20, 1987 conviction in the City Court of Yonkers, New York for Criminal Possession of a Controlled Substance (Cocaine), and a January 5, 2007 conviction in the Berks County, Pennsylvania Court of Common Pleas for Possession of a Controlled Substance (Cocaine). Id.

On October 28, 2015, Petitioner was taken into ICE custody. (Doc. 1, petition).

On November 18, 2015, Petitioner was notified that he was additionally subject to removal pursuant to Section 237(a)(2)(A)(iii) of the INA, in that he was convicted of an aggravated felony as defined in section 101(a)(43)(G), a theft offense or burglary offense for which the term of imprisonment was at least one year. (Doc. 11-2 at 10, Additional Charges of Inadmissibility/Deportation). The notice specifically cited the following: a December 15, 1989 conviction in the Philadelphia County Court of Common Pleas for Theft by Unlawful Taking, in violation of 18 Pa. C.S. §3921, and Theft by Receiving Stolen Property, in violation of 18 Pa. C.S. §3925 (for which he was sentenced to 23 months incarceration on each count, to run consecutively); and a February 9, 1990 conviction in the Philadelphia County Court of Common Pleas for Possession of a Controlled Substance (Cocaine), in violation of 35 Pa. C.S. §113(a)(16) (for which he sentenced to 6 to 12 months incarceration). Id.

Pursuant to the oral decision of the Immigration Judge, issued April 21, 2016, Stultz-Shirley was ordered removed from the United States to Panama pursuant to INA §237(a)(2)(B)(i). (Doc. 11-2 at 12-16, Order of the Immigration Judge).

On May 20, 2016, Stultz-Shirley appealed the decision of the

Immigration Judge. (Doc. 11-2 at 17, Filing Receipt for Appeal). He also requested a change in his custody status, which the Immigration Judge denied on July 8, 2016, noting "Prior bond decision already made – no material changed circumstances shown by Respondent." (Doc. 11-2 at 18, Order of the Immigration Judge with Respect to Custody).

On September 29, 2016, the Board of Immigration Appeals (BIA) remanded Petitioner's action to the Immigration Court for further action, finding that the Immigration Judge had not sufficiently set forth the reasons for his denial of Stultz-Shirley's citizenship claim or his findings regarding removability and Stultz-Shirley's eligibility for relief from removal. (Doc. 11-2 at 20-21, Decision of the Board of Immigration Appeals). The BIA returned the record to the Immigration Judge, directing him to prepare "a full decision," after which the record shall be returned to the BIA for briefing by the parties. Id.

On August 22, 2016, Petitioner filed the instant petition for writ of habeas corpus, seeking a bond hearing. (Doc. 1). On September 22, 2016, the Court ordered that the Respondent show cause why the petitioner should not receive the relief he seeks. (Doc. 9). On October 13, 2016, the Respondent filed its response to the petition for writ of habeas corpus. (Doc.

11). On October 28, 2016, Petitioner filed his reply to Respondent's brief. (Doc. 14).

## II.    DISCUSSION

The instant petition for habeas corpus is grounded upon Petitioner's belief that he has been detained under 8 U.S.C. §1226(c) for an unreasonable amount of time, in violation of the Due Process Clause of the Fifth Amendment and Diop v. ICE/Homeland Sec., 656 F.3d 221, 231-35 (3d Cir. 2011). Respondent concedes that Petitioner is entitled to an individualized bond hearing before an immigration judge. (See Doc. 11).

Under 8 U.S.C. §1226(c), the government must take custody of any alien who has committed an aggravated felony pursuant to 8 U.S.C. §1227(a)(2)(A)(iii) or committed a violation of any law relating to a controlled substance under 8 U.S.C. §1182(a)(2)(A)(i)(II). The provision clearly demands that, prior to a final removal order, an alien be detained without being afforded a bond hearing. §1226(c). However, this "mandatory detention" provision is not without limits. In Demore v. Kim, the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." Demore v. Kim, 538 U.S. 510,

531 (2003). The Third Circuit has interpreted <u>Demore</u> and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

Determining whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Diop, 656 F.3d at 233; *see also* Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to

appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit, in Chavez-Alvarez, further characterized the fact-dependent inquiry described in Diop as a balancing test, clearly rejecting the argument that "the conduct of either party . . . dictates a conclusion that the detention is reasonable." Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015). Instead, the Court found that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id. More specifically, courts should not find that delay caused by a petitioner's challenges precludes a finding of unreasonable detention because such a finding essentially punishes a petitioner for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding of unreasonable detention. Chavez-Alvarez, 783 F.3d at 476. Bad faith exists when a petitioner

challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

In Chavez-Alvarez, the Court applied the balancing framework and ultimately found that "beginning sometime after the six-month timeframe considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Chavez-Alvarez, 783 F.3d at 478. In prescribing this one-year time frame, beyond which the presumption of detention is sufficiently eroded, that an individualized bail consideration is necessary, the Third Circuit also defined what showing the government must make in order to justify the continued detention of the petitioner. According to the Court, the immigration statute "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Chavez-Alvarez, 783 F.3d at 475. Further, once "detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention

8

is necessary to fulfill the purposes of the detention statute." Diop, 656 F.3d at 233.

Applying Chavez-Alvarez to the facts of this case, the Court concludes, and the government concedes, that Petitioner's detention, beginning on October 28, 2015, has now reached the "tipping point," and has continued for an unreasonable amount of time in violation of due process. Therefore, Petitioner is entitled to an individualized bond hearing, in which Respondent bears the burden of demonstrating that "detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011).

Consistent with precedent within this district, the Court is mindful of the deference owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Soriano v. Sabol, No. 3:16-CV-0271, 2016 WL 2347904, at *6 (M.D. Pa. May 3, 2016); Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016); Deptula v. Lynch, No. 1:15-CV-2228, 2016 WL 98152, at *5 (M.D. Pa. Jan. 8, 2016). Because the Immigration Court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under

<u>Chavez-Alvarez</u>, the Court orders that an Immigration Judge conduct an individualized bond hearing for the petitioner, within thirty (30) days of the date of this opinion.

## III.  Conclusion

In light of the foregoing analysis, the Court finds that Petitioner has been detained by ICE for an unreasonable amount of time, in violation of his Constitutional due process rights. Therefore, the court will grant in part, the instant petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing before an Immigration Judge within thirty (30) days of this decision. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   November 7, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1744-01.wpd